Johnson, J.
That the provision of the code, as to when an action shall be deemed commenced, applies to proceedings in error, has been settled by repeated decisions, as well as, that the summons which is served on a defendant in error must be issued, before the expiration of the time fixed by the statute of limitations governing the cause of action. Robinson v. Orr, 16 Ohio St., 284; B. & O. Rd. Co. v. Ambach, 55 Ohio St., 553.
In this case, the summons in error was not issued until after the four months’ limitation had expired.
Plaintiff in error, however, claims that he has brought himself within the saving provisions of Section 11231, General Code, and to this end, calls attention to an affidavit, filed in the circuit court, and included in the finding of facts by that court. The finding and record show, that the judgment was rendered April 23, 1910. The petition in error and precipe for summons in error were filed August 12th, the summons in error was-issued August 27th, served August 29th, and returned on same day. On August 19th, attorney for plaintiff in error, who lived at Columbus, called the clerk over long distance telephone and urged the issuance of the summons in error, as the time would expire in a few days, and the clerk *94 said he would attend to the matter and let counsel know. On August 23d, the attorney went to Wooster, the county seat of Wayne county, saw that the petition in error, precipe and transcript, were filed, and told the clerk that the summons must issue that day. The clerk stated to him that he was busily engaged with other official work at that particular time, but assured him that he would attend to it. Relying on that assurance, the attorney for plaintiff in error returned to his home on that day. The summons in error was not issued until four days later.
Section 11230, General Code, provides, that an action shall be deemed to be commenced, at the date of summons, which is served on the defendant, and Section 11231, General Code, that an attempt to commence an action, shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service in sixty days.
Did the filing of the petition in error, with precipe for summons, in connection with the action of the attorney for plaintiff in error as above stated, constitute an attempt to commence an action within the meaning of the above section?
The case of Ross, Sheriff, v. Willet, 54 Ohio St., 150, is cited by plaintiff in error in support of an affirmative answer to that question.
In that case a summons in error had been issued within the statutory time. It was served by an officer who was not qualified to make service. On motion, the service was set aside and another *95 summons was, on the next day, issued and served. The latter one being after the expiration of the statute, but within sixty days after the first attempt.
The court held that the party had shown a compliance with the statute, because he “attempted to commence his proceeding, by filing his petition and causing a summons to be issued in proper time,” although the service proved ineffectual. It must be noted, that the saving provision in Section 11231 relates only to the diligent endeavor to procure service. The language of the statute is, “when a party diligently endeavors to procure service.”
If a party had caused a summons to be issued, there can be a diligent effort to procure its service, but, of course, there can be no such endeavor where no summons has issued.
In B. & O. Rd. Co. v. Ambach, 55 Ohio St., 554, no summons was caused to be issued before the expiration of the statute of limitations, and although a summons was issued within sixty days after the petition and precipe were filed, the court held that plaintiff in error did not bring itself within the saving provisions of Section 4988, Revised Statutes, now Section 11231, General Code.
So in the case at bar, no summons was caused to be issued at all, within the statutory time. The conversation had by the attorney of plaintiff in error with the clerk over the telephone and his visit on the last day within the statutory time, did not relate to the service, but to the issuance of a *96 summons, and as the burden rested on him to cause the summons to issue, it would seem that he should have remained in the clerk’s office (under the urgent circumstances in which he was placed and which he stated to the clerk) and should have seen that the summons was actually issued. It is doubtless true that if plaintiff in error had remained he could and would have accomplished the object of his mission. The burden of causing a summons to issue rests on the plaintiff in error.
The right to prosecute error is statutory, and this court has uniformly held that the remedy to be effective must be pursued in the time and in the mode provided.
In Young v. Shallenberger, 53 Ohio St., 302, it is said: “The statute has declared, in explicit terms that ‘no proceeding to reverse a judgment shall be commenced unless within six months after the rendition .of the judgment,’ and the court is powerless to enlarge its terms if it desired to do so.” ■ .
■ A proceeding in error is of an adversary character, and the court can acquire no jurisdiction of the case until the defendant is brought before it. 'It is a substantial right of defendant, to insist that he must be brought into court within the time fixed by law as the limit for the. commencement of the suit, unless the running of the statute has been stopped in some manner, or for some reason, provided by law.
We are mindful that courts for the review of legal proceedings and for the correction of errors are an essential part of our judicial system, and *97 the statutory right of every litigant to prosecute error in a proper case should be enforced. No purely technical or unsubstantial objection should be allowed to interfere with its exercise.
In the recent cases of Cincinnati Traction Co. v. Ruthman, 85 Ohio St., 62, and Pace v. Volk, 85 Ohio St., 413, we have held, that where a party has complied with the mandatory requirements of the statute, as to preparing and filing a bill of exceptions, the failure of the trial judge to sign it in the time fixed is not fatal, but that the judge may afterwards perform that ministerial duty. But the failure to issue summons under the circumstances shown here is of a different and a material character. As already shown the burden of causing the summons to be issued rests on the plaintiff.
Generally, and in fact in the vast majority of instances, the mere filing of the petition and precipe, is followed by the issuance of the summons in due course. But if a party chooses to allow his case to lie, until near the expiration of the time limit, which the law has put upon his right to bring his proceeding, any additional vigilance that may be necessary to cause summons to issue is imposed on him. To hold otherwise would be to make uncertain the operation and weaken the salutary efficiency of all statutes of repose.
It is also contended that defendant in error entered his appearance to tile proceeding in error and waived the issuance and service of summons.
This claim is based on the fact, that counsel for defendant in error, in his argument to the circuit *98 court, after stating to the court that his first ground to dismiss was that the summons in error, was not issued until more than four months after the judgment was entered, also stated that another reason, was the failure to make a joint judgment debtor, Dunn, a party to the proceeding. No reference to such a ground, was contained in the motion to dismiss, and the court manifestly did not regard any such remark, or suggestion, as relevant, but confined itself to the consideration of the question of jurisdiction presented in the motion and on the record.
In the entry of the judgment of dismissal is the following: “And said court as its conclusions of law find that said proceeding in error was not commenced within four months after the rendition of the judgment sought to be reversed in this action, and for that reason the motion of the defendant in error to strike said petition from the files ought to be and the same is sustained.”
The motion of defendant in error directly and specifically challenged the jurisdiction of the court and the face of the record disclosed a state of facts which justified the conclusion of law found by the court. The judgment will be

Affirmed.

Davis, C. J., Shauck and Donahue, JJ., concur. Spear and O’Hara, JJ., dissent.